IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

Terry T. Nier and Karen A. Nier, husband and wife,

    Plaintiffs,

v.

Zimmer Biomet Holdings, Inc., an Indiana corporation; Zimmer, Inc., an Indiana corporation; Biomet, Inc., an Indiana corporation; Biomet Orthopedics, LLC, an Indiana liability company; XYZ Corporations 1-5; John Does 1-3,

    Defendants.

NO. CV-26-00195-TUC-BGM

**C O M P L A I N T**
(Tort – Products Liability/Negligence/Breach of Warranty/Consumer Fraud)

Assigned to:

Plaintiffs, for their Complaint against the Defendants, Zimmer Biomet Holdings, Inc., Zimmer, Inc., and Biomet, Inc., and each of them, allege as follows:

## I.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiffs, TERRY T. NIER and KAREN A. NIER, are individuals residing in the State of Wisconsin, and the State of Arizona. Plaintiffs are and have been husband and wife at all relevant times.

2. Defendant, ZIMMER BIOMET HOLDINGS, INC., is an Indiana corporation, doing business in the State of Arizona.

1

3.     Defendant, ZIMMER, INC., is an Indiana corporation doing business in the State of Arizona.

4.     Defendant, BIOMET, INC., is an Indiana corporation doing business in the State of Arizona.

5.     Defendant, BIOMET ORTHOPEDICS, LLC, is a domestic limited liability company based in the State of Indiana, doing business in the State of Arizona.

6.     That XYZ CORPORATIONS 1-5 and JOHN DOES 1-3 are fictitious entities and individuals whose true names are not known to Plaintiffs at this time, but represent unknown related affiliates of Zimmer Biomet Holdings, including any related prior or successor entities responsible for the design, manufacturing or sale of the implant product device which is the subject of this lawsuit, which is known today as a Zimmer Biomet Comprehensive Reverse Shoulder System ("Comprehensive RSS"), together with certain unknown retailers, distributors, dealers, employees and agents, apparent or ostensible, of Zimmer Biomet Holdings or its related entities who are responsible for the design, manufacture and/or marketing of the Comprehensive RSS.

7.     That this United States District Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

8.     That venue is proper pursuant to 28 U.S.C. § 1391(b)(2), whereas Plaintiff received substantial evaluation, diagnosis and treatment in Pima County, Arizona,

including the same with representatives of the Defendants, all related to the subject defective implant device known as the Comprehensive RSS.

## II.

## FACTUAL ALLEGATIONS

9.    That Plaintiff, Terry Nier, was implanted with a Zimmer Biomet Comprehensive RSS prosthesis device by Dr. John W. Sperling, M.D., at the Mayo Clinic Hospital in Rochester, Minnesota, on February 20, 2021.

10.    That Plaintiff, Terry Nier, suffered a complete failure of the Comprehensive RSS necessitating the explant of the device which occurred on October 4, 2023, again at the Mayo Clinic in Rochester, Minnesota, by Dr. Joaquin Sanchez-Sotelo, M.D.

## III.

## TOLLING OF STATUTE OF LIMITATIONS

11.    This Complaint is timely filed pursuant to three mutual Tolling Agreements between the parties as to the applicable statute of limitations.

## PRODUCTS LIABILITY AND NEGLIGENCE

12.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1-11 as though fully set forth herein.

13.    That the Defendants, and each of them, had a duty to exercise in a reasonable manner the design, manufacturing, labeling, instructions, warnings, marketing and distribution of the subject Comprehensive RSS.

14. That the Defendants were negligent by breaching their duty of care owed to the Plaintiffs.

15. That the Defendants negligently failed to perform or rely upon proper and adequate testing and research in order to determine and evaluate the suitability of the subject Comprehensive RSS and the components thereof, so as to reasonably meet the medical needs of patients such as Plaintiff, Terry Nier.

16. That the Defendants negligently manufactured and/or designed the subject Comprehensive RSS and the components thereof as it was not fit for its intended purpose for patients such as Plaintiff, Terry Nier.

17. That the subject Comprehensive RSS was utilized by the Plaintiff, Terry Nier, in a manner foreseeable to the Defendants hereto when they designed the subject device and created the instructions and warnings for selection, use, and implantation, and devised and published its marketing materials regarding the sale of the device.

18. That the Plaintiff, Terry Nier, and the implanting surgeon, Dr. Sperling, utilized the subject Comprehensive RSS without any improper misuse, or altering of the product in an unforeseeable manner.

19. That the Defendants hereto are at fault for the design and manufacture of the subject Comprehensive RSS implant device and its components, and for information defects associated with its marketing, sale, and surgical utilization.

4

20.     That the Defendants, and each of them, designed, manufactured and/or sold the subject Comprehensive RSS implant device in a defective and unreasonably dangerous condition at the time the product left their control.

21.     That the Defendants hereto were negligent in properly weighing the risks and benefits of the subject Comprehensive RSS implant design versus other suitable alternative designs which existed at times relevant to this matter, and further were negligent in failing to fully disclose the risks associated with the subject design versus design alternatives on the market at the time.

22.     That Plaintiffs suffered personal injury and economic damages as a result of the defective product were actually and proximately caused by the negligence and/or defective nature of the design, manufacturing, labeling, marketing, sale and distribution of said Comprehensive RSS device and its components, and said injuries and financial damages would not have happened without said defects.

23.     Incorporating by reference paragraphs 1-22 as the subject Comprehensive RSS was defective and unreasonably dangerous at the time it was implanted into Terry Nier's shoulder, and said defects are the actual and proximate cause of serious personal injury and economic harm, that Defendants are likewise liable to the Plaintiffs pursuant to Arizona's strict products liability law.

. . . .

. . . .

5

**IV.**

## BREACH OF CONTRACT/WARRANTY/CONSUMER FRAUD VIOLATION

24.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1-23 as though fully set forth herein.

25.    That the Defendants advertised and promoted the subject Comprehensive RSS implant device as superior to reverse shoulder implant alternatives, as well as alternate anatomical shoulder prosthetic arthroplasty devices for which Mr. Nier was eligible, including promoting the product as having "the lowest" of cumulative revision rates. Defendants did not disclose to physicians or patients the dangers and risks presented by the unique features of the Comprehensive RSS design which do not exist with alternative designs on the market.

26.    That the Defendants made material false representations incident to its marketing, promotion and sale of the subject Comprehensive RSS device and components thereof in violation of Arizona's Consumer Fraud Act and/or unfair and deceptive trade practices set forth in A.R.S. § 44-1522, et al., as well as Minnesota's law regarding deceptive acts and practices, consumer protection, merchandising practices and false advertising.

27.    That Arizona's and Minnesota's consumer fraud statutory schemes do not require proof that a seller intended for the purchaser to rely on a false advertisement or promotion, nor that there was proof of such reliance; the misrepresentations of the

Defendants in this case alone are legally sufficient, and by law, such that such statutes cannot be negated or precluded by any disclaimer clause in any sale agreement documents.

28. That due to the facts as alleged above, Plaintiffs have suffered economic damages as a proximate result of the fault of the Defendants, and each of them, based on breach of warranty, breach of implied warranty, and consumer fraud practices.

29. That the Plaintiffs are entitled to an award of attorney's fees for breach of warranty and consumer fraud violations.

## V.

## **LOSS OF CONSORTIUM**

30. That the Plaintiffs, and each of them, have separate claims of loss of consortium damages due to the severe bodily injury to Plaintiff, Terry Nier.

WHEREFORE, Plaintiffs pray for judgment in their favor and against the Defendants, and each of them, as follows:

A. For special and compensatory damages;

B. For taxable costs incurred herein;

C. For sanctions pursuant to Civil Rule 68, if such an offer of judgment is made but not accepted; and

D. For such other and further relief as the Court deems appropriate under the circumstances.

. . . .

7

DATED this  /5  day of  *April* , 2026.

Terry T. Nier
65799 E. Rocky Terrace Drive
Tucson, AZ  85739
Phone No. (920) 664-6512
Email:  tnier@new.rr.com
*Plaintiff Pro Se*

Karen A. Nier
65799 E. Rocky Terrace Drive
Tucson, AZ  85739
Phone No. (920) 227-8078
Email:  karennier@new.rr.com
*Plaintiff Pro Se*

8

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

Name · _Zimmer Biomet Holdings, Inc._

Job or Title *(if known)*

Street Address _345 E. Main St_

City and County _Warsaw_    _Kosciusko_

State and Zip Code _Indiana_    _46580_

Telephone Number _800-348-9500_

E-mail Address *(if known)*

Defendant No. 2

Name _Zimmer, Inc._

Job or Title *(if known)*

Street Address _1800 W. Center St_

City and County _Warsaw_    _Kosciusko_

State and Zip Code _Indiana_    _46580_

Telephone Number _574 - 267 - 6131_

E-mail Address *(if known)*

Defendant No. 3

Name _Biomet, Inc._

Job or Title *(if known)*

Street Address _1800 W. Center St._

City and County _Warsaw_    _Kosciusko_

State and Zip Code _Indiana_    _46580_

Telephone Number _574 - 267 - 6131_

E-mail Address *(if known)*

Defendant No. 4

Name _Biomet Orthopedics, LLC_

Job or Title *(if known)*

Street Address _1800 W. Center St._

City and County _Warsaw_

State and Zip Code _Indiana_    _46580_

Telephone Number _574 - 267 - 6131_

E-mail Address *(if known)*